## CIRCUIT COURT OF FAIRFAX COUNTY

Albert R. Fortunato

v.

Commonwealth of Virginia

November 19, 1991

Case No. (Law) 109141

By JUDGE RICHARD J. JAMBORSKY

This matter comes before the Court on the Motion of Albert Fortunato, Petitioner, to renew his concealed weapons permit issued at the direction of the Court of Appeals on August 2, 1989. On October 24, 1991, the Court held an *ore tenus* hearing pursuant to § 18.2-308(D) of the Code of Virginia. The Court took the matter under advisement and now denies the Petitioner's request to renew his permit to carry a concealed weapon.

The Court finds that the Petitioner has not presented evidence sufficient to meet the requirements of the Code of Virginia. *See* Va. Code Ann. § 18.2-308(D) (Supp. 1990). The Court acknowledges that the Petitioner has shown himself to be of good character. The Petitioner is physically and mentally competent to carry a weapon and is not prohibited by law from receiving, possessing, or transporting such a weapon.

However, the Petitioner has not demonstrated a need to carry a concealed weapon. *Black's Law Dictionary* defines "need" as "an urgent or essential use for (something lacking)." The Court finds Petitioner's need to carry a concealed weapon is neither urgent nor essential. At the *ore tenus* hearing, the Petitioner testified that his need for a concealed weapon was based on late night business trips, transporting large sums of cash, and working late hours at his office in Crystal City. The Petitioner further tes-

tified that his life had been threatened several times while making arrests as an auxiliary police officer and that he intervened to save the life of a young girl being attacked by a man with a knife. (The petitioner may be armed while making arrests as an auxiliary police officer.)

The Petitioner argues that the term "need" means a reasonable need and not an absolute necessity. Even using this broad interpretation of "need," the Petitioner fails to demonstrate a reasonable need to carry a concealed weapon. The Petitioner admits he has never been robbed or assaulted in the course of either his full-time or part-time employment. No untoward incidents have occurred to the Petitioner while travelling late at night or when carrying large sums of money. Threats made against the Petitioner while serving as an auxiliary police officer have proved to be idle threats made by suspects in the course of being arrested. Most personnel involved in criminal justice have experienced these idle threats on occasion. No evidence exists to indicate that the Petitioner's intervention on behalf of the girl produced any subsequent threat or danger to the Petitioner. In short, the Petitioner demonstrated a "desire" or "want" to carry a concealed weapon.

The Petitioner has not demonstrated the need for a concealed weapon. Working late at night, late night business trips, or idle threats are not circumstances that warrant the issuance of a permit. This County contains approximately 850,000 people, many of whom work late, carry large sums of cash, and feel threatened. To accept the Petitioner's definition of "need" would result in the County becoming an armed camp. The work of County Police and other law enforcement personnel would be made even more difficult, and the safety of the approximately 850,000 people who live and work here would be jeopardized. This analysis may not apply to other communities throughout the Commonwealth; but no other community faces the problems of congestion, traffic, and an urban tempo and tension which are prevalent in this County.

For the foregoing reasons, the Petitioner's application for a permit to carry a concealed weapon is denied.